**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ASETEK DANMARK A/S, | |
| Plaintiff, | Civil Action No. 6:21-cv-00501 |
| v. | |
| SHENZHEN APALTEK CO., LTD., A/K/A SHENZHEN ANG PAI TECHNOLOGY CO., LTD. AND GUANGDONG APALTEK LIQUID COOLING TECHNOLOGY CO., LTD., A/K/A GUANGDONG ANG PAI LIQUID COOLING TECHNOLOGY CO., LTD., OR DONGGUAN APALCOOL | **JURY TRIAL DEMAND** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Asetek Danmark A/S ("Asetek"), files this Complaint for Patent Infringement and Damages against Defendants Shenzhen Apaltek Co., Ltd., a/k/a Shenzhen Ang Pai Technology Co., Ltd. ("Apaltek") and Guangdong Apaltek Liquid Cooling Technology Co., Ltd., a/k/a Guangdong Ang Pai Liquid Cooling Technology Co., Ltd., or Dongguan Apalcool ("Apalcool") (collectively, "Defendants"), and would respectfully show the Court as follows:

## NATURE OF THE ACTION

1.   This Complaint seeks judgment that the Defendants have infringed and continue to infringe Asetek's U.S. Patent Nos. 8,240,362 ("the '362 patent), 8,245,764 ("the '764 patent), 10,078,355 ("the '355 patent"), and 10,599,196 ("the '196 patent") (collectively "the Patents-in-Suit"). Each of these patents relates to liquid cooling systems and methods for cooling heat generating electronic components.

1

## PARTIES

2.   Asetek is a corporation organized and existing under the laws of Denmark, and has a location at Assensvej 2, DK-9220 Aalborg East, Denmark. Asetek is the owner of the Patents-in-Suit.

3.   On information and belief, Apaltek is a Chinese corporation with its principal place of business at B03/B04/B05, 15th Floor, Block 2, Yicheng Huanzhi Center, Intersection of Renmin Road and Bayi Road, Jinglong Community, Longhua Street, Longhua District, Shenzhen, Guangdong Province, PRC.

4.   On information and belief, Apalcool is a Chinese corporation with its principal place of business at No. 12, West Second Lane, Shenzhen Zai Road, Qingxi Town, Dongguan City, Guangdong Province, PRC.

## JURISDICTION AND VENUE

5.   This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

6.   Upon information and belief, Defendants operate a website, www.apalcool.com, on which they describe themselves under their "About Us" tab as having "more than 20 years of experience in the design and production of liquid-cooled and air-cooled heat dissipation products."  Defendants describe themselves under their "About Us" tab as providers of ODM and OEM manufacturing services for the global heat dissipation industry. ("[W]e provide ODM/OEM customers with superior products and excellent services. We hope to become a loyal partner in the local and global heat dissipation industry, so that people anywhere in the world can share happiness through our products and our customers.")

7.   The following products infringe at least one claim of each of the Patents-in-Suit as explained in detail in Counts I-IV below: the Lian Li Galahad AIO 240 RGB, the Enermax AquaFusion 240, and Thermaltake TH120 ARGB Sync (collectively the "Exemplary Infringing Products").  On information and belief, the Lian Li Galahad AIO family of liquid cooling products, the Enermax AquaFusion family of liquid cooling products, and the Thermaltake TH ARGB Sync family of liquid cooling products infringe at least one claim of each of the Patents-in-Suit.

8.   Upon information and belief, Defendants make, offer for sale, and sell the Galahad AIO line of liquid cooling products to Lian Li, the AquaFusion line of liquid cooling products to Enermax, and the TH120 ARGB Sync line of liquid cooling products Thermaltake, knowing and intending that these customers and/or resellers (including www.amazon.com, www.newegg.com, and www.walmart.com) will and do offer for sale and sell Exemplary Infringing Products to customers throughout the United States.  For example, the Galahad AIO line of liquid cooling products, the AquaFusion line of liquid cooling products, and the TH120 ARGB Sync line of liquid cooling products have been and are offered for sale and sold throughout the United States, Texas, and this district on www.amazon.com, www.newegg.com, and www.walmart.com.  On information and belief, these products are purchased and used by customers in this district. This Court has personal jurisdiction over Defendants for at least the reasons set forth in this paragraph and the preceding paragraph.

9.   On information and belief, Defendants also likely offer for sale, sell, import, and/or ship the infringing Enermax AquaFusion line of products to Enermax USA in the United States, and the infringing Thermaltake TH ARGB Sync line of liquid cooling products to Thermaltake in the United States.

10. Venue is proper in the District in accordance with 28 U.S.C. § 1391(c)(3) because Defendants are foreign corporations not resident in the United States.

## FACTUAL BACKGROUND

11.  Asetek is a world leading provider of liquid cooling systems for heat-generating electronic components, such as CPUs and GPUs. Asetek's business is dedicated entirely to liquid cooling, which makes up 100% of its revenue. Asetek's solutions are used by leading original equipment manufacturers ("OEM") servicing the datacenter, server, gaming, workstation, and high performance PC markets. Asetek is also the leading provider of liquid cooling products for the enthusiast/do-it-yourself market, which includes end-users who buy and self-install liquid cooling systems into their computers.

12. Asetek's patented combination of a pump, a dual chambered reservoir, and a cold plate into a single pump unit—which is claimed in the Patents-in-Suit—provides the benefits of improved pumping and heat removal efficiencies in a compact (narrow profile) design that enables the pump unit to be installed directly on the CPU/GPU of a computer motherboard, graphics card, or a server.  In addition to improved efficiency and compactness, Asetek's patented designs have greatly reduced and/or eliminated the risk of coolant leakage and have enabled pre-filled (factory assembled and sealed) liquid cooling products that are easy to install and use. Asetek's patented designs have also made manufacturing of liquid cooling products simpler and less costly.

13.  The Exemplary Infringing Products have the same fundamental pump unit structure and configuration; any differences between the products are irrelevant to the claims of the Patents-in-Suit and to Defendants' infringement of the same.  Upon information and belief, the same is true for the Galahad AIO line of liquid cooling products, the AquaFusion line of liquid cooling products, and the TH120 ARGB Sync line of liquid cooling products. Accordingly,

Counts I-IV below refer to the Lian Li Galahad AIO 240 as a representative product for all of the Exemplary Infringing Products and their respective product lines.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,240,362**

14.  Asetek incorporates by reference paragraphs 1-10 as though fully set forth herein.

15. Asetek owns the entire right, title, and interest in and to the '362 patent. A true and correct copy of the '362 patent is attached hereto as Exhibit A.

16. The Exemplary Infringing Products infringe at least claim 14 of the '362 patent, either literally and/or under the doctrine of equivalents.

17. The Exemplary Infringing Products are cooling systems for processing units positioned on a motherboard of a computer and comprise the claimed elements of at least claim 14 of the '362 patent.



18. The Exemplary Infringing Products include "a reservoir configured to be coupled to the processing unit positioned on the motherboard at a first location, the reservoir being adapted to pass a cooling liquid therethrough." For example, as the image of the representative Lian Li

Galahad product below shows, the Exemplary Infringing Products include a reservoir configured to be coupled to a processing unit positioned on the motherboard at a first position and the reservoir is adapted to pass cooling liquid therethrough.



19. The reservoir of the Exemplary Infringing Products includes "an upper chamber and a lower chamber, the upper chamber and lower chamber being separate chambers containing cooling liquid that are separated by at least a horizontal wall and fluidly coupled together by one or more passageways, at least one of the one or more passageways being a substantially circular passageway positioned on the horizontal wall." For example, as the image of the representative Lian Li Galahad product below shows, the reservoir of the Exemplary Infringing Products includes an upper chamber and a lower chamber separated by at least a horizontal wall and fluidly coupled together by one or more passageways. Further, at least one of the passageways on the horizontal wall is substantially circular and positioned on the horizontal wall.



20. The reservoir of the Exemplary Infringing Products includes "a heat exchanging interface configured to be placed in separable thermal contact with the processing unit, the heat exchanging interface being removably attached to the reservoir such that the heat exchanging interface forms a boundary wall of the lower chamber and the reservoir." For example, as the image of the representative Lian Li Galahad product below shows, the reservoir of the Exemplary Infringing Products includes a heat exchanging interface configured to be placed in separable thermal contact with the processing unit and is removably attached (e.g., using screws, fasteners, or brackets) to the reservoir such that the heat exchanging interface forms a boundary wall of the lower chamber of the reservoir.



21. The Exemplary Infringing Products include "a heat radiator configured to be positioned at a second location horizontally spaced apart from the first location when the

reservoir is coupled to the processing unit." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a heat radiator configured to be positioned at a second location horizontally spaced apart from the first location when the reservoir is coupled to the processing unit.



22. The Exemplary Infringing Products further include "a fan adapted to direct air to the heat radiator to dissipate heat from the cooling liquid to the surrounding atmosphere." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a fan that is adapted to direct air to the heat radiator to dissipate heat from the cooling liquid to the surrounding atmosphere.



23. The Exemplary Infringing Products further include "a pump configured to circulate cooling liquid between the reservoir and the heat radiator, the pump including a motor having a rotor, a stator, and an impeller having the equivalent (under the doctrine of equivalents) of curved blades, the impeller being mechanically coupled to the rotor and at least partially submerged in the cooling liquid of the reservoir, wherein a speed of the impeller is configured to be varied independent of the speed of the fan." For example, as the images of the representative Lian Li Galahad product below show, the Exemplary Infringing Products include a pump configured to circulate cooling liquid between the reservoir and the heat radiator, the pump having a stator and a rotor. The pump also includes an impeller with curved blades. The impeller is mechanically coupled to the rotor and is at least partially submerged in the cooling liquid in the reservoir. Because separate motors drive the fan and the pump, a speed of the impeller is configured to be varied independent of the speed of the fan.



24. Upon information and belief, Defendants have induced and continue to actively induce direct infringement of at least claim 14 of the '362 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district under 35 U.S.C. § 271(b). Defendants knew of the '362 patent prior to the filing of this action, and upon information and belief, Defendants have taken affirmative steps that have encouraged, aided and abetted (and continue to encourage, aid and abet) direct infringement by their customers and others (such as Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district, and Defendants have known that their induced acts constitute infringement of the '362 patent or have been willfully blind to the infringement. On information and belief, these acts include, but are not limited to (1) Defendants' manufacture and supply of the Exemplary Infringing Products and their respective product lines to at least Lian Li, Thermaltake, and/or Enermax, knowing and intending that they would cause the Exemplary Infringing Products and their respective product lines to be offered for sale, sold, imported, and/or shipped to the United States, and used in the United States, and (2) Defendants' supply of user manuals/guides/product descriptions instructing customers/end users how to install and use the Exemplary Infringing Products and their respective product lines.

25. Upon information and belief, Defendants have contributed to and continue to contribute to the direct infringement of at least claim 14 of the '362 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district under 35 U.S.C. § 271(c). Upon information and belief, Defendants, with knowledge of the patent, supply important (material) components of the Exemplary Infringing Products and their respective product lines (as well as instructions for the same) to others, including Lian Li, Thermaltake, and/or Enermax.  Upon information and belief,

Defendants knew or were willfully blind that the combination for which their components were especially made was both patented and infringing, that the Exemplary Infringing Products and their respective product lines are not a staple article or commodity of commerce, and have no substantial non-infringing uses.

26. Upon information and belief, Defendants likely have also directly infringed one or more claims of the '362 patent under 35 U.S.C. §§ 271(a) by, among other things, offering for sale, selling, importing and/or distributing the Exemplary Infringing Products and their respective product lines in and into the United States.

27. Upon information and belief, Defendants have infringed the '362 patent in an egregious and willful manner and with knowledge of the '362 patent, or were willfully blind to the risk of infringement.

28. Defendants' infringement of the '362 patent has caused and continues to cause damages and irreparable harm to Asetek.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,245,764

29.  Asetek incorporates by reference paragraphs 1-10 as though fully set forth herein.

30. Asetek owns the entire right, title, and interest in and to the '764 patent. A true and correct copy of the '764 patent is attached hereto as Exhibit B.

31. The Exemplary Infringing Products infringe at least claim 1 of the '764 patent, either literally and/or under the doctrine of equivalents.

32. The Exemplary Infringing Products are cooling systems for heat-generating components comprising the claimed elements of at least claim 1 of the '764 patent.



33. The Exemplary Infringing Products include "a double-sided chassis to mount a pump configured to circulate a cooling liquid, the pump comprising a stator and an impeller, the impeller being positioned on the underside of the chassis and the stator being positioned on the upper side of the chassis and isolated from the cooling liquid." For example, as the images of the representative Lian Li Galahad product below show, the Exemplary Infringing Products include a double-sided chassis mounted with a pump that has a stator and an impeller, with the impeller positioned on the underside of the chassis and the stator positioned on the upper side of the chassis and isolated from the cooling liquid.



34. The Exemplary Infringing Products further include "a reservoir adapted to pass the cooling liquid therethrough." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a reservoir adapted to pass cooling liquid through it.



35. The reservoir of the Exemplary Infringing Products includes "a pump chamber including the impeller and formed below the chassis, the pump chamber being defined by at least an impeller cover having one or more passages for the cooling liquid to pass through." For example, as the images of the representative Lian Li Galahad product below show, the reservoir of the Exemplary Infringing Products includes a pump chamber formed below the chassis and housing the pump impeller, the pump chamber comprising at least an impeller cover with one or more passages.



36. The Exemplary Infringing Products include a reservoir that further includes "a thermal exchange chamber formed below the pump chamber and vertically spaced apart from the pump chamber, the pump chamber and the thermal exchange chamber being separate chambers that are fluidly coupled together by one or more passages." For example, as the images of the representative Lian Li Galahad product below show, the reservoir of the Exemplary Infringing Products includes a thermal exchange chamber that is vertically spaced apart from the pump chamber, with the thermal exchange chamber formed below the pump chamber. Both the pump chamber and thermal exchange chamber are separate chambers that are fluidly coupled together by one or more passages.



37. The thermal exchange chamber of the reservoir of the Exemplary Infringing Products further includes "a heat-exchanging interface, the heat exchanging interface forming a boundary wall of the thermal exchange chamber, and configured to be placed in thermal contact with a surface of the heat-generating component." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a heat-exchanging interface that forms a boundary wall of the thermal exchange chamber and is configured with one side to be placed in thermal contact with a surface of the heat-generating component.



38. The Exemplary Infringing Products include a "heat radiator fluidly coupled to the reservoir and configured to dissipate heat from the cooling liquid." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a heat radiator fluidly coupled to the reservoir and configured to dissipate heat from the cooling liquid.



39. Upon information and belief, Defendants have induced and continue to actively induce direct infringement of at least claim 1 of the '764 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district under 35 U.S.C. § 271(b). Defendants knew of the '764 patent prior to the filing of this action, and upon information and belief, Defendants have taken affirmative steps that have encouraged, aided and abetted (and continue to encourage, aid and abet) direct infringement by their customers and others (such as Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district, and Defendants have known that their induced acts constitute infringement of the '764 patent or have been willfully blind to the infringement. On information and belief, these acts include, but are not limited to (1) Defendants' manufacture and supply of the Exemplary Infringing Products and their respective product lines to at least Lian Li, Thermaltake, and/or Enermax, knowing and intending that they would cause the Exemplary Infringing Products and their respective product lines to be offered for sale, sold, imported, and/or shipped to the United States, and used in the United States, and (2) Defendants' supply of user manuals/guides/product descriptions instructing customers/end users how to install and use the Exemplary Infringing Products and their respective product lines.

40. Upon information and belief, Defendants have contributed to and continue to contribute to the direct infringement of at least claim 1 of the '764 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district under 35 U.S.C. § 271(c). Upon information and belief, Defendants, with knowledge of the patent, supply important (material) components of the Exemplary Infringing Products and their respective product lines (as well as instructions for the same) to others, including Lian Li, Thermaltake, and/or Enermax.  Upon information and belief, Defendants knew or were willfully blind that the combination for which their components were especially made was both patented and infringing, that the Exemplary Infringing Products and their respective product lines are not a staple article or commodity of commerce, and have no substantial non-infringing uses.

41. Upon information and belief, Defendants likely have also directly infringed one or more claims of the '764 patent under 35 U.S.C. §§ 271(a) by, among other things, offering for sale, selling, importing and/or distributing the Exemplary Infringing Products and their respective product lines in and into the United States.

42. Upon information and belief, Defendants have infringed the '764 patent in an egregious and willful manner and with knowledge of the '764 patent, or were willfully blind to the risk of infringement.

43. Defendants' infringement of the '764 patent has caused and continues to cause damages and irreparable harm to Asetek.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,078,355

44.  Asetek incorporates by reference paragraphs 1-10 as though fully set forth herein.

45. Asetek owns the entire right, title, and interest in and to the '355 patent. A true and correct copy of the '355 patent is attached hereto as Exhibit C.

46. The Exemplary Infringing Products infringe at least claim 1 of the '355 patent, either literally and/or under the doctrine of equivalents.

47. The Exemplary Infringing Products are liquid cooling systems for cooling a heat-generating component of a computer comprising the claimed elements of at least claim 1 of the '355 patent.



48. The Exemplary Infringing Products include "a reservoir configured to circulate a cooling liquid therethrough." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a reservoir, which is configured to be coupled to a processing unit positioned on the motherboard of a computer and the reservoir is adapted to pass cooling liquid therethrough.



49. The reservoir of the Exemplary Infringing Products includes "a pump chamber housing an impeller and defined at least in part by an impeller cover and a double-sided chassis, the impeller being positioned on one side of the chassis and a stator of the pump is positioned on an opposite side of the chassis." For example, as the image of the representative Lian Li Galahad product below shows, the reservoir of the Exemplary Infringing Products includes a pump chamber housing an impeller and defined in part by an impeller cover and a double-sided chassis, and the impeller is positioned on one side of the chassis and a stator of the pump is on the opposite side of the chassis.



50. The reservoir of the Exemplary Infringing Products includes "a thermal exchange chamber disposed between the pump chamber and the heat-generating component when the system is installed on the heat-generating component." For example, as the image of the representative Lian Li Galahad product below shows, the reservoir of the Exemplary Infringing Products includes a thermal exchange chamber positioned between the pump chamber and the heat generating component when the system is installed on the heat-generating component.



51. The reservoir of the Exemplary Infringing Products includes "a heat-exchanging interface forming a boundary wall of the thermal exchange chamber, the heat-exchanging interface has an outer surface configured to be placed in thermal contact with a surface of the heat-generating component and an inner surface that defines a plurality of channels that direct the flow of a cooling liquid within the thermal exchange chamber." For example, as the image of the representative Lian Li Galahad product below shows, the reservoir of the Exemplary Infringing Products has a heat-exchanging interface forming a boundary wall of the thermal exchange chamber and has an outer surface configured to be placed in thermal contact with a surface of the heat-generating component and an inner surface that defines a plurality of channels that direct the flow of a cooling liquid within the thermal exchange chamber.

20



52. The Exemplary Infringing Products include "a heat radiator adapted to pass the cooling liquid therethrough, the heat radiator being fluidly coupled to the reservoir via fluid conduits, the heat radiator being configured to dissipate heat from the cooling liquid." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a radiator spaced apart from and fluidly coupled to the reservoir.



53. The pump chamber of the Exemplary Infringing Products includes "an inlet defined by the impeller cover positioned below a center of the impeller configured to enable the cooling liquid to flow into the center of the pump chamber." For example, as the image of the representative Lian Li Galahad product below shows, the pump chamber of the Exemplary

Infringing Products has an inlet defined by the impeller cover positioned below a center of the impeller configured to enable the cooling liquid to flow into the center of the pump chamber.



54. The pump chamber of the Exemplary Infringing Products includes "an outlet defined by the impeller cover positioned tangentially to the circumference of the impeller." For example, as the image of the representative Lian Li Galahad product below shows, the pump chamber of the Exemplary Infringing Products has an outlet defined by the impeller cover positioned tangentially to the circumference of the impeller.



55.  Upon information and belief, Defendants have induced and continue to actively induce direct infringement of at least claim 1 of the '355 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district under 35 U.S.C. § 271(b). Defendants knew of the '355 patent prior to the filing of

this action, and upon information and belief, Defendants have taken affirmative steps that have encouraged, aided and abetted (and continue to encourage, aid and abet) direct infringement by their customers and others (such as Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district, and Defendants have known that their induced acts constitute infringement of the '355 patent or have been willfully blind to the infringement. On information and belief, these acts include, but are not limited to (1) Defendants' manufacture and supply of the Exemplary Infringing Products and their respective product lines to at least Lian Li, Thermaltake, and/or Enermax, knowing and intending that they would cause the Exemplary Infringing Products and their respective product lines to be offered for sale, sold, imported, and/or shipped to the United States, and used in the United States, and (2) Defendants' supply of user manuals/guides/product descriptions instructing customers/end users how to install and use the Exemplary Infringing Products and their respective product lines.

56. Upon information and belief, Defendants have contributed to and continue to contribute to the direct infringement of at least claim 1 of the '355 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district under 35 U.S.C. § 271(c). Upon information and belief, Defendants, with knowledge of the patent, supply important (material) components of the Exemplary Infringing Products and their respective product lines (as well as instructions for the same) to others, including Lian Li, Thermaltake, and/or Enermax.  Upon information and belief, Defendants knew or were willfully blind that the combination for which their components were especially made was both patented and infringing, that the Exemplary Infringing Products and their respective product lines are not a staple article or commodity of commerce, and have no substantial non-infringing uses.

57. Upon information and belief, Defendants likely have also directly infringed one or more claims of the '355 patent under 35 U.S.C. § 271(a) by, among other things, offering for sale, selling, importing and/or distributing the Exemplary Infringing Products and their respective product lines in and into the United States.

58. Upon information and belief, Defendants have infringed the '355 patent in an egregious and willful manner and with knowledge of the '355 patent, or were willfully blind to the risk of infringement.

59. Defendants' infringement of the '355 patent has caused and continues to cause damages and irreparable harm to Asetek.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 10,599,196**

60.  Asetek incorporates by reference paragraphs 1-10 as though fully set forth herein.

61. Asetek owns the entire right, title, and interest in and to the '196 patent. A true and correct copy of the '196 patent is attached hereto as Exhibit D.

62. The Exemplary Infringing Products infringe at least claim 10 of the '196 patent, either literally and/or under the doctrine of equivalents.

63. The Exemplary Infringing Products are cooling systems for cooling heat-generating components comprising the claimed elements of at least claim 10 of the '196 patent.



64. The Exemplary Infringing Products include "a reservoir configured to circulate a cooling liquid therethrough." For example, as the image of the representative Lian Li Galahad product below show, the Exemplary Infringing Products include a reservoir through which cooling liquid circulates.



65. The reservoir of the Exemplary Infringing Products includes "a pump chamber housing an impeller and defined at least in part by an impeller cover and a double-sided chassis, the impeller being positioned on one side of the chassis and a stator of the pump is positioned on an opposite side of the chassis." For example, as the image of the representative Lian Li Galahad product below shows, the reservoir of the Exemplary Infringing Products include a pump chamber that houses a pump impeller on the underside of the double-sided chassis, the pump

chamber being defined by at least an impeller cover and the chassis. A stator of the pump is

positioned on the upper side of the chassis. The pump chamber further includes "an inlet defined

by the impeller cover positioned below a center of the impeller configured to enable a cooling

liquid to flow into the center of the pump chamber," and "an outlet defined by the impeller cover

positioned tangentially to the circumference of the impeller."



66. The Exemplary Infringing Products include a reservoir that further includes "a

thermal exchange chamber configured to be disposed between the pump chamber and a heat-

generating component when the system is installed on a heat-generating component." For

example, as the image of the representative Lian Li Galahad product below shows, the reservoir

of the Exemplary Infringing Products includes a thermal exchange chamber disposed between

the pump chamber and a heat-generating component when the system is installed.



67. The thermal exchange chamber of the reservoir of the Exemplary Infringing Products further includes "a heat-exchanging interface forming a boundary wall of the thermal exchange chamber, the heat-exchanging interface has an outer surface configured to be placed in thermal contact with a surface of a heat-generating component and an inner surface that defines a plurality of channels that are configured to direct the flow of the cooling liquid within the thermal exchange chamber." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a heat-exchanging interface that forms a boundary wall of the thermal exchange chamber and is configured with one side to be placed in thermal contact with a surface of the heat-generating component. The inner surface of the heat-exchanging interface defines a plurality of channels that direct the flow of the cooling liquid within the thermal exchange chamber.



68. The Exemplary Infringing Products include a "a heat radiator adapted to pass the cooling liquid therethrough, the heat radiator being fluidly coupled to the reservoir via fluid conduits, the heat radiator being configured to dissipate heat from the cooling liquid." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a heat radiator fluidly coupled to the reservoir and configured to dissipate heat from the cooling liquid.



69. The Exemplary Infringing Products include "a set of four mounting legs configured to secure the heat-exchanging interface to a heat-generating component of a computer." For example, as the image of the representative Lian Li Galahad product below shows, the Exemplary Infringing Products include a set of four mounting legs configured to secure the heat-exchanging interface to a heat-generating component of a computer.



70.  Upon information and belief, Defendants have induced and continue to actively induce direct infringement of at least claim 10 of the '196 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and

in this district under 35 U.S.C. § 271(b). Defendants knew of the '196 patent prior to the filing of this action, and upon information and belief, Defendants have taken affirmative steps that have encouraged, aided and abetted (and continue to encourage, aid and abet) direct infringement by their customers and others (such as Lian Li, Thermaltake, Enermax, Amazon, and/or end-users) in the United States and in this district, and Defendants have known that their induced acts constitute infringement of the '196 patent or have been willfully blind to the infringement. On information and belief, these acts include, but are not limited to (1) Defendants' manufacture and supply of the Exemplary Infringing Products and their respective product lines to at least Lian Li, Thermaltake, and/or Enermax, knowing and intending that they would cause the Exemplary Infringing Products and their respective product lines to be offered for sale, sold, imported, and/or shipped to the United States, and used in the United States, and (2) Defendants' supply of user manuals/guides/product descriptions instructing customers/end users how to install and use the Exemplary Infringing Products and their respective product lines.

71. Upon information and belief, Defendants have contributed to and continue to contribute to the direct infringement of at least claim 10 of the '196 patent by others (including Lian Li, Thermaltake, Enermax, Amazon, Newegg, Walmart, and/or end-users) in the United States and in this district under 35 U.S.C. § 271(c). Upon information and belief, Defendants, with knowledge of the patent, supply important (material) components of the Exemplary Infringing Products and their respective product lines (as well as instructions for the same) to others, including Lian Li, Thermaltake, and/or Enermax.  Upon information and belief, Defendants knew or were willfully blind that the combination for which their components were especially made was both patented and infringing, that the Exemplary Infringing Products and

their respective product lines are not a staple article or commodity of commerce, and have no substantial non-infringing uses.

72. Upon information and belief, Defendants likely have also directly infringed one or more claims of the '196 patent under 35 U.S.C. §§ 271(a) by, among other things, offering for sale, selling, importing and/or distributing the Exemplary Infringing Products and their respective product lines in and into the United States.

73. Upon information and belief, Defendants have infringed the '196 patent in an egregious and willful manner and with knowledge of the '196 patent, or were willfully blind to the risk of infringement.

74. Defendants' infringement of the '196 patent has caused and continues to cause damages and irreparable harm to Asetek.

## PRAYER FOR RELIEF

WHERFORE, Asetek respectfully prays that the Court enter judgment in its favor and award the following relief against Defendants:

A.      A judgment in favor of Asetek that the Defendants, individually and collectively, have infringed (directly, contributorily, and by inducement) the Patents-in-Suit;

B.      A judgment in favor of Asetek that the Defendants' infringement of the Patents-in-Suit has been willful;

C.      Preliminarily and permanently enjoin the Defendants, and each and all of their officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing upon the Patents-in-Suit;

D.      Award Asetek actual damages pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of the Defendants' infringement of the Patents-in-Suit;

E.     Award Asetek pre- and post-judgment interest on all damages awarded, as well as supplemental damages;

F.     Order that damages for infringement of the Patents-in-Suit be trebled as provided for by 35 U.S.C. § 284 for the Defendants' willful infringement of the Patents-in-Suit;

G.     Find this to be an exceptional case and award Asetek its costs and attorney's fees under 35 U.S.C. § 285; and

H.     Award and grant Asetek such other and further relief as the Court deems just and proper under the circumstances.

## **JURY TRIAL DEMAND**

Asetek demands a jury trial on all matters triable to a jury.

Dated:  May 14, 2021                    Respectfully submitted,


                                        */s/ Kevin Dow Collins*
                                        Kevin D. Collins
                                        TX 24050438
                                        kevin.collins@bracewell.com
                                        **BRACEWELL LLP**
                                        111 Congress Avenue, Suite 2300
                                        Austin, TX 78701-4061
                                        Tel: (512) 494-3640
                                        Fax: (800) 404-3970

                                        Robert F. McCauley
                                        CA 162056
                                        robert.mccauley@finnegan.com
                                        Arpita Bhattacharyya
                                        CA 316454
                                        arpita.bhattacharyya@finnegan.com
                                        Jordan Fraboni
                                        CA 324362
                                        jordan.fraboni@finnegan.com
                                        **FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, LLP**
                                        3300 Hillview Avenue
                                        Palo Alto, CA 94304
                                        Tel:  (650) 849-6600
                                        Fax: (650) 849-6666

                                        **ATTORNEYS FOR PLAINTIFF
                                        ASETEK DANMARK A/S**