IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S, | |
| Plaintiff, | Civil Action No. 6:21-cv-00501-ADA |
| v. | |
| SHENZHEN APALTEK CO., LTD., A/K/A SHENZHEN ANG PAI TECHNOLOGY CO., LTD., and GUANGDONG APALTEK LIQUID COOLING TECHNOLOGY CO., LTD., A/K/A GUANGDONG ANG PAI LIQUID COOLING TECHNOLOGY CO., LTD., OR DONGGUAN APALCOOL, | JURY TRIAL DEMAND |
| Defendants. | |

**PLAINTIFF'S NOTICE OF RESPONSE
TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
RE: MOTION TO STAY OR TRANSFER (ECF NO. 30)**

Defendant Apaltek's attempts to rely upon recent developments in the Cooler Master and CoolIT litigations in the Northern District of California miss the mark. The facts and procedural postures of those cases are very different from those at bar, and neither case supports Defendant Apaltek's request to stay or transfer of this case.

**The Cooler Master DJ Case:** Defendant Apaltek's discussion of Cooler Master's NDCA declaratory judgment action is misleading because Defendant omits critical facts that belie its assertion that Cooler Master's DJ case is supposedly "based on effectively the same facts" as this case. ECF 51 at 3. While Plaintiff Asetek asserts two patents against Apaltek in this case, neither of which has been challenged by an IPR, Cooler Master's NDCA complaint seeks

declaratory judgment on *seven* Asetek patents—*five of which are the subject of instituted IPRs and/or appeals from IPRs, and all five of which are not asserted in this case against Apaltek.* ECF 51-2 at PDF pp. 7, 9-10; McCauley Decl. ¶2.[1] Indeed, three of those IPRs have already progressed through final written decision and are on appeal at the Federal Circuit. *Id*. In addition, Cooler Master, the DJ complainant in the NDCA case, was not diligent in prosecuting its case against Asetek and thus has no basis to complain about any prejudice from the stay requested by Asetek. Cooler Master waited eight months after it was confronted with Asetek's infringement allegations to file its DJ complaint in June 2021. McCauley Decl. ¶3. And Cooler Master then delayed an additional three months, until September 2021, before it notified Asetek about the DJ complaint. Cooler Master's counsel thus delayed their DJ case against Asetek for eleven months, even though the same Cooler Master counsel also represent CoolIT and Apaltek against Asetek, and even though Cooler Master's counsel were regularly communicating with Asetek's litigation counsel, and appeared with them in the NDCA court, during that eleven-month period. ECF 51-2 at PDF pp. 14-15; McCauley Decl. ¶¶3-4.

Given that five of the seven patents in Cooler Master's DJ complaint are in IPRs and/or appeals from IPRs, and given Cooler Master's delays in prosecuting its own DJ case in the NDCA, Asetek's motion to stay the Cooler Master case makes perfect sense under the circumstances in that case. But here, in marked contrast, there are only two patents in suit (Asetek's '362 and '764 patents), and IPR petitions have not even been filed, much less instituted, against either of the two patents in this case. This is true even though Defendant

---

[1] The McCauley Declaration supporting this brief updates the recitation of events and scheduled dates that were previously recited in the Bhattacharyya Declaration supporting and cited in Asetek's motion to stay the Cooler Master DJ case in the NDCA. (Apaltek filed that motion to stay as an exhibit to its notice of supplemental authority, but not the supporting Bhattacharyya Declaration).

Apaltek represented to this Court on November 1, 2021, that it expected to file IPRs on the two asserted '362 and '764 patents in November 2021. ECF 27 at 2. It is now four months later, March 2022, yet Defendant Apaltek has still not filed IPR petitions on either of the patents in this case.

Defendant Apaltek's argument that Plaintiff Asetek would not be prejudiced by a stay of this case is incorrect. Plaintiff Asetek filed this suit against Apaltek precisely because Asetek is being irreparably harmed and prejudiced by ongoing infringing competition from Apaltek, as explained in the Hamill Declaration supporting Asetek's opposition to Apaltek's motion. ECF 37-1, ¶6. As attested by Mr. Hamill, Defendant Apaltek is stealing market share from Asetek and is forcing Asetek to compete on price against its own patented technology, to Asetek's prejudice. *Id*. For all these reasons, Defendant Apaltek's assertion that this case and Cooler Master's DJ action have "effectively the same facts" is also incorrect.

**The CoolIT Case:** Plaintiff Asetek's NDCA case against CoolIT similarly fails to support Defendant Apaltek's motion here, in large part because this case against Apaltek involves a patent (the '764 patent) and twenty-seven patent claims from the '764 and '362 patents that are not asserted in the CoolIT case. McCauley Decl. ¶5. Only a single patent claim is asserted in both cases. More specifically, in this case, Plaintiff Asetek is asserting against Apaltek sixteen claims from Asetek's '764 patent, which is not at issue in the CoolIT case. *Id*. And while Plaintiff Asetek's '362 patent is asserted against both Apaltek and CoolIT, Asetek is asserting twelve claims of the '362 patent against Defendant Apaltek in this case, but is asserting only one of those claims against CoolIT in the NDCA. *Id*. Furthermore, the NDCA trial judge in the CoolIT case (Judge Chen) has stayed litigation only as to patents for which the PTAB has instituted IPRs; Judge Chen has ordered that Asetek's '362 patent (which is not subject to IPR)

proceed to trial, which was recently set for March 2023. *Id*. Because there are no IPRs against the '362 and '764 patents asserted in this case, unlike the cases relied upon by Defendant Apaltek, Plaintiff Asetek respectfully submits that this litigation proceed to the trial under the Court's current schedule. ECF 36.

Next, Defendant Apaltek relies on snippets from this Court's decision in *Nitride Semiconductors Co., Ltd. v. Lite-On Tech. Corp. et al.,* No. 6:21-cv-00183-ADA, ECF No. 42 at 14 (Feb. 7, 2022) (Albright, J.) to support its stay motion. But that case is factually and procedurally distinguishable, and the stay entered in that case was only for "a few months." *Id*. at 14. More specifically, *Nitride Semiconductors* involved first-to-file issues concerning a single patent asserted in multiple jurisdictions against products manufactured by the same party, Lite-On; there are no analogous facts here. But perhaps more significantly, this Court's stay in *Nitride Semiconductors* was expected to last "only a few months," and only until the claim construction order issued in the Minnesota court, which this Court found would not unduly prejudice the patent owner in that case. *Id*. But here, Defendant Apaltek asks to stay this case for at least one year, and more likely several years, through trial of the CoolIT case (set for March 2023) and any related appeals to the Federal Circuit. ECF 51 at 3. And unlike the situation in *Nitride Semiconductors*, the CoolIT case is at a very late stage. In fact, Judge Chen in the CoolIT case has already issued two claim construction orders; expert discovery is completed (except for one two-hour follow-up deposition); dispositive motions, Daubert motions, and motions to strike are due on March 31, 2022 for the '362 and other patents that will be tried; and trial is set for March 2023. McCauley Decl. ¶6.

For the reasons above and in Plaintiff Asetek's opposition brief, Defendant Apaltek's motion to transfer or stay should be denied.

4

| | |
|---|---|
| Dated:  March 2, 2022 | Respectfully submitted,<br><br>*/s/ Kevin D. Collins*<br>Kevin D. Collins (SBN 2405438)<br>kevin.collins@bracewell.com<br>Michael Chibib (SBN 00793497_<br>michael.chibib@bracewell.com<br>**BRACEWELL LLP**<br>111 Congress Avenue, Suite 2300<br>Austin, TX 78701-4061<br>Tel:  (512) 494-3640<br>Fax: (800) 404-3970<br><br>Robert F. McCauley (*pro hac vice*)<br>robert.mccauley@finnegan.com<br>Arpita Bhattacharyya (*pro hac vice*)<br>arpita.bhattacharyya@finnegan.com<br>Jordan Fraboni (*pro hac vice*)<br>jordan.fraboni@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW,**<br>  **GARRETT & DUNNER, LLP**<br>3300 Hillview Avenue<br>Palo Alto, CA 94304<br>Tel:  (650) 849-6600<br>Fax: (650) 849-6666<br><br>*ATTORNEYS FOR PLAINTIFF*<br>*ASETEK DANMARK A/S* |